## Charles F. Wentzel *v.* R. M. Barbin, Appellant.

*Contract—Sale of paper route—Evidence.*

Where one person sells to another " all his right, title and good-will " to a paper route, he is bound to carry out his contract in good faith, and he violates his contract by calling on subscribers and inducing them not to take from the other party, but to take again from himself all the papers mentioned in the agreement. Such action is not like the setting up of another business of the same kind, but it is the taking away of the very thing that had been sold.

Argued Nov. 14, 1898. Appeal, No. 63, Oct. T., 1898, by defendant, from judgment of C. P. No. 1, Allegheny County, June T., 1896, No. 279, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for breach of contract. Before SLAGLE, P. J.

The contract, dated December 28, 1895, was as follows:

" For and in consideration of the sum of $2,000, R. M. Barbin, does hereby agree to transfer, sell and assign to the said Charles F. Wentzel, all his right, title and good-will to the Oakland paper route until now controlled by the said R. M. Barbin. It is further agreed that R. M. Barbin, shall use his best efforts in familiarizing the said Charles F. Wentzel with the territory he now assumes as agent for the Pittsburgh Daily and Sunday newspapers, by giving the said Charles F. Wentzel his personal attention for at least three weeks, during which time the said Wentzel shall become familiar with the subscribers for the various newspapers."

At the trial plaintiff offered to prove by his own testimony

that, within a month after this contract was signed and the plaintiff had taken possession of the route, defendant undertook to get possession again, by calling on the subscribers and inducing them, if possible, not to take from the plaintiff, but, in violation of the agreement and contract, to take again from him all the papers mentioned in this agreement and contract.

Defendant objected to the offer for the reason that there was no agreement made by which the defendant was to stay off, or refrain from doing business on, this same route.

By the Court: The objection is overruled and bill sealed for the defendant. [1]

Defendant's points and the answers thereto among others were as follows :

4. Under the agreement, as admitted by the parties, there was nothing to prevent Barbin from selling papers over this route, after he had signed the written contract, and it is not only his privilege but his right to continue in possession and exercise full control over the route until the $2,000 was all paid by Wentzel to him. *Answer :* This is refused. [2]

5. Under the uncontradicted evidence in this case, Barbin had a legal right to sell papers on this route, at any and all times since the date of the agreement with Wentzel, and no damage or breach of contract in this suit can be predicated upon any attempt by him to sell papers on the route after the date of the contract, and especially if such attempts were made prior to the payment of all the purchase money by Wentzel. *Answer :* This is refused. [3]

The court charged in part as follows :

[Mr. Wentzel claims further that, on or about January 20 (about the time the three weeks had expired), Mr. Barbin then became actively engaged in interfering with his business. If there were nothing else in the case than that, I would be inclined to think that this action was not properly brought, and it leaves a question that may possibly be considered hereafter, whether or not this action was properly brought. At present, I instruct you that that is properly set up here as a claim.] [4]

[In reference to the matter of Mr. Barbin's refusal to turn over these other newspapers, he says now, as I understand, that he was not bound to deliver them, because he had not been

fully paid. And it appears that at the time of this difficulty on January 9 or 10, he demanded payment of the balance due upon this contract. He did not demand simply that a note should be given, as agreed upon, but he demanded the money. He said, " Have you got the money here or the security? " And Mr. Wentzel said " No ; " and Mr. Barbin then said, that until the money or security was furnished he was not bound to give Mr. Wentzel anything. That was about the position.] [5]

[So that you have now, in the first place, the question whether or not Mr. Wentzel did comply with his contract. If he did not, was he excused in any way for those matters in which he was deficient. Mr. Barbin did not furnish the list of subscribers ; he did not furnish the service that he was bound to do, and then finally he interfered by taking away the subscribers. Was he justified in so doing? If he was, you will find for the defendant. If he was not, you will find for the plaintiff. The question is now, what is the measure of damages, and here comes the question of difficulty. In the first place, as I said before, Mr. Wentzel, if the contract was rescinded, would be entitled to have his money back, and if Mr. Barbin's conduct was equal to a rescission ; that is, if he did that which he could only do if the contract had been rescinded,—go in and take the customers away from Mr. Wentzel and destroy the value of his contract,—he would be in the same position, and Mr. Wentzel would be then entitled to recover back at least the money he had paid on account of it, less what he had got back.] [6]

Verdict and judgment for plaintiff for $1,025. Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions ; (2–6) above instructions, quoting it.

*R. B. Ivory*, for appellant.—The mere sale of the good-will of a business does not imply a contract on the part of the vendor not to set up a similar business, nor restrict him as to the place of carrying on that business : 2 Daniel's Chancery Pleading & Practice, p. 1655 ; McClurg's App., 58 Pa. 51 ; Rupp v. Over, 3 Brewster, 133.

*F. C. McGirr*, with him *John Marron*, for appellee, cited Hall's App., 60 Pa. 458 ; Raessler v. Temperance Mutual Ben-

efit Assn., 3 Pa. C. C. R. 393 ; Senter v. Davis, 38 Cal. 450 ; Addams v. Tutton, 39 Pa. 447 ; Hathaway v. Bennett, 10 N. Y. 108.

PER CURIAM, January 3, 1899 :

When the defendant agreed to sell to the plaintiff "all his right, title and good-will to the Oakland paper route, until now, controlled by the said R. M. Barbin," he became bound in honor and in law to carry out his contract in good faith. He was certainly not at liberty, especially after receiving a large part of the purchase money, to filch away from the plaintiff the veritable substance of that which he had sold. It was not like the setting up of another business of the same kind, but it was the taking away of the very thing he had sold that was complained of by the plaintiff. There was no error in the admission of the proposed testimony nor in the ruling of the court in the general charge nor in the answers to points.

Judgment affirmed.